IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ALLEGRA NETWORK, LLC and
ALLEGRA HOLDINGS LLC,

        Plaintiffs,

v.

THE HORVATH COMPANY, LLC,
THOMAS HORVATH, and
KERSTIN HORVATH,

        Defendants.

Case No.:  11-CV-15569-RHC-MAR

**PLAINTIFFS' FINAL JUDGMENT ORDER**

This matter coming before the Court on the amended renewed motion for default judgment by plaintiffs Allegra Network, LLC, and Allegra Holdings, LLC ("Allegra") against defendants The Horvath Company LLC, Thomas Horvath, and Kerstin Horvath, due notice having been given and the Court having considered Meredith Flynn's Declaration in Support of Entry of Default Judgment, enters the following Final Judgment Order:

**FINDINGS OF FACT**

    1.    Defendant The Horvath Company LLC entered into a written franchise agreement with Allegra Network on June 23, 2005.

    2.    Defendants Thomas Horvath and Kerstin Horvath personally guaranteed the performance and payment of all obligations under the franchise agreement by executing a written guaranty on June 23, 2005.

3.      On August 19, 2011, Allegra terminated the franchise agreement after providing defendants with notices of default and after defendants failed to cure the default.

4.      Defendants continue to use Allegra's trademarks, service marks, logos, and trade names.

5.      Defendants have failed to comply with certain post-termination obligations under the franchise agreement.

6.      As a direct and proximate result of defendants' actions, Allegra has suffered and unless defendants' misconduct is enjoined, will continue to suffer, irreparable harm.

7.      Allegra has no adequate remedy at law to fully and adequately compensate it for defendants' misconduct.

8.      Issuance of injunctive relief to end defendants' infringement and to enforce defendants' post-termination obligations in the franchise agreement will advance and not harm the public interest.

## JUDGMENT

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Allegra and against defendants The Horvath Company LLC, Thomas Horvath, and Kerstin Horvath on all counts in the complaint and the Court further orders:

A.      Defendants and their agents, servants, and employees, and those people in active concert or participation with them are permanently enjoined from:

    1.      Using any trademark, service mark, logo, or trade name of Allegra or any mark, logo, or name that is confusingly similar to Allegra;

  2. Otherwise infringing Allegra's trademarks, service marks, logos, or trade names, or using any similar designation, alone or in combination with any other components thereof;

  3. Passing off any products or services as those of Allegra Network, Allegra Holdings, or Allegra Network's authorized franchisees;

  4. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

  5. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Allegra Network, Allegra Holdings, or Allegra Network's franchisees, or with any of their products or services;

  6. Unfairly competing with Allegra Network, Allegra Holdings, or Allegra Network's franchisees, in any manner;

B. Defendants and their agents, servants, and employees, and those people in active concert or participation with them are directed to fully perform their post-termination obligations, including, without limitation, their obligations under the post-termination covenant against competition, their obligations to cease using and to immediately return any of Allegra's confidential information, and their obligation to assign the telephone number used in the operation of their franchised Allegra Center to Allegra Network.

C. Pursuant to 15 U.S.C. § 1118, all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of defendants, their agents, servants and employees, and any person in active concert or participation with them, bearing any of the

Allegra Marks, and all plates, molds, and other means of making the same, if any, be delivered to Allegra Network at defendants' cost;

      D.      Defendants are ordered to file with the Court and to serve upon Allegra Network's and Allegra Holdings' counsel within ten (10) days after entry of this injunction order, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

      E.      Defendants are ordered to account and pay over to Allegra Network and Allegra Holdings all gains, profits, and advantages derived by them as a result of their infringement of the Allegra Marks and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

      F.      Defendants are ordered to pay to Allegra Network and Allegra Holdings such damages as Allegra Network and Allegra Holdings have sustained by reason of said trademark infringement and unfair competition; and that, because of the willful nature of said infringement, defendants are ordered to pay to Allegra Network and Allegra Holdings in an amount equal to three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

      G.      Defendants are ordered to pay costs and expenses, including reasonable attorneys' fees and costs, incurred by Allegra Network and Allegra Holdings in connection with this action in the amount of $15,854.41.

      H.      Allegra's request for clerk's entry of judgment by default with affidavit of sum certain filed as Docket Entries 16, 17, and 18, are withdrawn and stricken.

**SO ORDERED** this 18th day of April, 2012.

       s/Robert H. Cleland

       ROBERT H. CLELAND

       UNITED STATES DISTRICT JUDGE

Dated: April 18, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk

       (313) 234-552